**Randy Calvin REEVES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–118–CR.**

Court of Appeals of Texas,
Fort Worth.

July 30, 1987.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Jim Crouch, Asst. Dist. Atty., Denton, for State.

Before JOE SPURLOCK, II, KELTNER and LATTIMORE, JJ.

**OPINION**

JOE SPURLOCK, II, Justice.

Appellant, Randy Calvin Reeves, was convicted of the offense of theft over $200 and received a sentence of three years, probated. *See* TEX.PENAL CODE ANN. sec. 31.03 (Vernon Supp.1987). Reeves' probation was subsequently revoked and he has appealed. For the reason stated herein, we reverse and remand.

At a hearing on a motion to revoke his probation, appellant entered a plea of not true. The motion alleged he had committed the criminal offense of driving while intoxicated and had failed to pay his fine and court costs in the case for which he was originally convicted. The court found the allegations to be true, revoked appellant's probation, and assessed punishment at three years confinement in the Texas Department of Corrections.

The attorney originally representing appellant on appeal filed a brief in which he certified that the appeal was without merit and frivolous; that the record reflected no reversible error; and there were no grounds upon which an appeal could be predicated. Although the transcript from the court below was filed, there was no statement of facts filed with this court supporting the brief. This court determined that that appellate brief was inadequate and remanded the case to the trial court. That court conducted a hearing and made a finding that appellant was deprived of the statement of facts due to the ineffective assistance of that counsel (*See* TEX.R. APP.P. 53(m)) and found that appellant was indigent at the time of the initial appeal.

The trial court appointed a different counsel to represent appellant on appeal. Appellant has since that time retained other counsel and filed a motion for reversal of his conviction. If the allegations in the motion are found true, the State has agreed that appellant is entitled to a new trial under TEX.R.APP.P. 50(e).

The substance of appellant's motion is that the court reporter is unable to prepare

the statement of facts of the "Motion to Revoke" hearing because there are no notes available. Upon the filing of the motion, this court ordered the court reporter to file an affidavit concerning the exact circumstances surrounding the loss of the court reporter's notes of the hearing on the "Motion to Revoke", requiring the reporter to furnish specific answers to questions this court asked. The court reporter has filed his affidavit. We have determined that through no fault of the appellant the statement of facts in the case is not available for this appeal.

The court finds that appellant does wish to prosecute his appeal but that he has been deprived of the statement of facts because of the ineffective assistance of counsel by appellant's prior court-appointed counsel, and by the disappearance of the court reporter's notes from which a statement of facts could be reconstructed. We find that the loss or destruction of the court reporter's notes is without fault on the part of appellant. We further find that appellant and the State cannot agree on a statement of facts because there is not adequate recall of the events.

We find that appellant is entitled to a new trial under the provisions of TEX.R. APP.P. 50(e) and order that the conviction of appellant be reversed and that the case be remanded to the trial court for hearing on the motion to revoke.